THE LAW OFFICES OF

# O'Brien, Shafner, Stuart, Kelly & Morris, P.C.

A PROFESSIONAL CORPORATION

John C. O'Brien
Matthew Shafner
Peter F. Stuart
Carolyn P. Kelly
Granville R. Morris
Frank N. Eppinger
Mark E. Block
Lloyd L. Langhammer

Richard J. Pascal
Eric M. Janney
Lynn T. Cravinho
Amy M. Stone
Stacy A. Haines
Thomas F. Collier
Meredith E. Russell
Richard P. Gudis

Of-Counsel
Michele J. Delmhorst

No admitted in 'DC

Respond to:
138 Main Street
P.O. Box 310
Norwich, CT 06360
Tel. (860) 889-3855
Fax (860) 886-6352

475 Bridge Street
P.O. Drawer 929
Groton, CT 06340
Tel. (860) 445-2463
Fax (860) 445-4539

54 Halls Road
P.O. Box 69
Old Lyme, CT 06371
Tel. (860) 434-4150
Fax (860) 434-4156

February 24, 2004

The Honorable Robert N. Chatigny
United States District Court Judge
United States District Court
450 Main Street
Hartford, CT 06103

Re:    Albert C. Lodrini, et al. vs. Tyler E. Lyman, et al.
       Docket No. 3:00-cv-01015-RNC

Dear Judge Chatigny:

Enclosed herewith please find Judge Purtill's rulings on Albert Lodrini's claim for attorney's fees and Virginia Lodrini's Motion to Reopen the judgment on the basis of fraud.

In light of the Court's (Purtill, J.) ruling in favor of the defendants on both issues, the defendants herein wish to renew the Motion for Summary Judgment in light of the fact that the State Court litigation is now completed.

Respectfully,

Lloyd L. Langhammer

LLL/cdl
Enclosures
cc/   Attorney David P. Condon
      Attorney James C. Mulholland
      Mr. Albert C. Lodrini

NO. 545124

LYMAN, TYLER, INC.                    **SUPERIOR COURT**

                                      **NEW LONDON JUDICIAL DISTRICT**
V.                                    **AT NEW LONDON**

**ALBERT C. LODRINI, ET AL**          **FEBRUARY 20, 2004**


### <u>MEMORANDUM OF DECISION</u>

This is an action to recover a real estate brokerage commission. After the action had

been withdrawn, defendant Albert C. Lodrini[1] moved for attorney's fees pursuant to

Connecticut General Statutes § 42-150bb.

For reasons hereinafter stated, the motion for attorney's fees is denied.

The factors underlining the action are more fully set forth in <u>Tyler E. Lyman v.</u>

<u>Lodrini</u>, 63 Conn. App. 739, cert. denied 258 Conn. 902 (2001) and <u>Tyler E. Lyman v.</u>

<u>Lodrini</u>, 78 Conn. 582 (2003). The facts relevant to these procedures are summarized as

follows.





---

[1]

Default judgments were obtained against both Albert C. Lodrini and Virginia Lodrini. Since
Virginia is not a party to the matter now before the court, for purposes of simplicity, Albert C.
Lodrini will be referred to as defendant.

The plaintiff obtained a default judgment against defendant in the underlining action to recover a real estate brokerage commission. That judgment was successfully appealed and upon remand, after an evidentiary hearing, the default judgment was set aside and the matter returned to the civil docket. Subsequent to the setting aside of the default judgment and the restoration of the case to the docket, defendant filed a request to revise the complaint to which plaintiff objected. The objection was overruled. Defendant then filed a motion for nonsuit against plaintiff for failure to revise the complaint whereupon plaintiff withdrew the action against defendant. Defendant then filed a motion for an award of attorney's fees under the provisions of Connecticut General Statutes § 42-150bb.

The motion for attorney's fees was denied without an evidentiary hearing. This denial was appealed.

The appellate court concluded that a threshold factual issue existed as to whether the action involved a contract that is covered by the provisions of § 42-150bb.

Section 42-150bb provides in relevant part:

> "Whenever any contract or lease entered into on or after
> October 1, 1979, to which a consumer is a party, provides for
> the attorney's fees of the commercial party to be paid by the
> consumer, and attorney's fee shall be awarded as a matter of law
> to the consumer who successfully prosecutes or defends an
> action or a counterclaim based upon the contract or lease . . . for
> the purposes of this section, 'commercial party' means the
> seller, creditor, lessor or assignee of any of them, and
> 'consumer' means the buyer, debtor, lessee or personal
> representative of any of them. The provisions of this section

> shall apply only to contracts or leases in which the money,
> property or service which is the subject of the transaction is
> primarily for personal, family or household purposes."

Attorney's fees under this section are available by operation of law. The amount of the fees to be awarded rest within the sound discretion of the trial court. Rizzo Pool Co. v. Delgrosso, 240 Conn. 58, 66 (1997).

Section 42-150bb applies only to contracts in which "the money, property or service which is the subject of the transaction is primarily for personal, family or household purposes." When faced with a motion for counsel fees under this section, the court must therefore determine whether the contract at issue is the type of contract for which attorney's fees may be recovered.

In his motion for attorney's fees, defendant represented that plaintiff had commenced the action on the basis of a contract, a real estate listing agreement, in which the money, property or services that was the subject of the transaction was primarily for personal, family or household purposes. Defendant represented that plaintiff was a commercial party and that an addendum to the contract provided that defendant should pay to plaintiff "reasonable legal fees for collection of any commissions that shall become due and payable under the terms and conditions of this agreement."

In its objection to the motion for attorney's fees, plaintiff argued that the contract at issue was not a consumer contract. Specifically, plaintiff argued that the contract at issue was

a real estate listing agreement on undeveloped non-residential real property consisting of approximately 13.7 acres located on River Road in Stonington, Connecticut.  Plaintiff argued that the property was not defendant's residence or otherwise used for his personal, family or household purposes.

The appellate court, having determined that the trial court was in error in failing to hold an evidence hearing on the applicability of § 42-150bb, this case was remanded for an evidentiary hearing on the question as to whether the contract was one in which "the money, property or service which is the subject of the transaction is primarily for personal, family or household purposes." Tyler E. Lyman v. Lodrini, supra, 78 Conn. App. 582-90.  In carrying out the mandate of the appellate court, the trial court is limited to the specific direction of the mandate as interpreted in light of the appellate court opinion.  Wendland v. Ridgefield Construction Services, Inc., 190 Conn. 791, 794 (1983).

Pursuant to the mandate of the appellate court, an evidentiary hearing was held and the following facts are found.

The defendant and Virginia Lodrini acquired title to the real property which is the subject of the listing agreement in 1983.  The property consisted of land at River Road in the Town of Stonington, Connecticut.  The property was located on the Pawcatuck River at Stanton Weir Point.  It was plaintiff's desire to develop the property as a marina with a personal residence located thereon.  A site plan with a layout showing the proposed uses of

the property was prepared by plaintiff.  This plan was entitled, "Site Plan Showing Property of Albert C. and Virginia Lodrini dba Stonington Yacht Club Located on Stanton Weir Point, River Road, Stonington, Connecticut and as Stonington Marina, January, 1984."  The uses which the defendant proposed to locate on the property were listed on the plan as "boat slips, boat storage area, restaurant, chandlery, boat sales office, clubhouse, boat services, personal residence."  The plan indicated that a single-family residence would be located on a portion of the property near the river.

The property was subject to the zoning regulations of the Town of Stonington.  At some time before or after defendant acquired the property, the zone was changed from a zone which would have allowed a marina to a zone restricted to three acre residential use.  the zone change meant that defendant was prevented from using the property for commercial purposes but could use it for personal, family or household purposes.

Defendant elected to sell the property.  He never resided on the property and no residence was ever built on it or, except in connection with the marina, was ever contemplated for the land.  Defendant lacked funds to build a house on the property without the commercial development.

At the time, defendant had other properties which could be characterized as investment land.

In his effort to sell the property, defendant entered into the listing agreement and

addendum with plaintiff. Plaintiff primarily handled commercial real estate and on the original listing agreement plaintiff is described as "Lyman Commercial Industrial and Land." In his dealings with plaintiff, defendant never indicated that he intended to build a private residence on the property and it was the impression of Ronald E. Lyman that defendant considered the land as investment property.

From the evidence, it is found that the only personal, family or household uses which defendant ever contemplated for the property was as shown on the 1984 site plan. Under that plan, only a very small portion of the property would be used for personal, family or household use. The primary use of the property would be as a marina with other commercial uses.

At the time the listing agreement and addendum was entered into with plaintiff, defendant had abandoned all plans to use the property for personal, family or household purposes and that therefore he is not entitled to attorney's fees under the provisions of § 42-150bb as claimed.

Accordingly, the motion for attorney's fees is denied.

Joseph J. Purtill
Judge Trial Referee

NO. 545124

LYMAN, TYLER, INC.                    **SUPERIOR COURT**

                                      **NEW LONDON JUDICIAL DISTRICT**
V.                                    **AT NEW LONDON**

ALBERT C. LODRINI, ET AL             **FEBRUARY 20, 2004**

## MEMORANDUM OF DECISION

Plaintiff has instituted the present action to recover a real estate brokerage commission

claimed to be due from defendants, Albert C. Lodrini and Virginia Lodrini.  Since the issue

now before the court involves only Virginia Lodrini and does not involve Albert C. Lodrini,

for purposes of simplification, Virginia Lodrini will be referred to as the defendant.

The facts underlying this action are fully set forth in <u>Tyler E. Lyman v. Lodrini</u>, 63

Conn. App. 739, cert. den. 258 Conn. 901 (2002).  These facts may be summarized as follows:

> "On November 12, 1994, the defendants entered into an
> agreement with the plaintiff to list a parcel of real property for
> sale.  Pursuant to the listing agreement, the defendants promised
> to pay the plaintiff a commission of 10 percent of the sale price
> if the plaintiff produced a buyer ready, willing and able to
> purchase the property for a price acceptable to the defendants.
> The agreement was for a period of six months.


FILED
FEB 2 0 2004

. . . .

On January 7, 1995, the parties executed an addendum to that
agreement. The addendum provided that the plaintiff may have
a potential buyer for the property and, if it would disclose the
potential buyer to the defendants and if the buyer purchased the
property within two years, then the defendants agreed to
compensate the plaintiff 10 percent of the purchase price as
commission. The addendum listed one potential buyer as the
Connecticut Department of Environmental Protection
(department).

On October 25, 1995, the defendants accepted the department's
offer to purchase their property for $735,000. The defendants
closed the sale with the department on December 11, 1997. The
defendants did not pay the plaintiff any commission on the sale.

On January 16, 1998, the plaintiff commenced this action,
seeking $73,500 in commissions to which it believed it was
entitled pursuant to the terms of the listing agreement. the
summons and complaint were served on Virginia Lodrini in
hand. At the time, the Lodrinis were vacating their residence in
Stonington as the result of an eviction action. In February,
1998, Virginia Lodrini went to live with relatives in Shakopee,
Minnesota, and filed a change of address and forwarding order
form with the United States Postal Service indicating her new
address.

. . .

On February 19, 1998, the court entered a default judgment
against the defendants and in favor of the plaintiff in the amount
of $73, 732, which included the $73,500 commission plus $232
in interest. On February 26, 1998, the plaintiff's counsel mailed
a notice of the default judgment to the defendants jointly at their
previous address in Stonington. Also, on that date, the
plaintiff's counsel filed a judgment lien on property owned by
Albert Lodrini in Groton. That lien was certified to the

Page 2

defendants jointly at the Stonington address.

On March 12, 1998, a deputy sheriff served a certified copy of
the judgment lien on Virginia Lodrini by sending it via
registered mail, return receipt requested, to the same forwarding
address in Minnesota that she had given to the postal service.
On March 17, 1998, the sheriff received the return receipt card,
signed by Virginia Lodrini.

. . .

On July 2, 1998, the court issued a bank execution to the
plaintiff.

. . .

On August 17, 1998, the defendants filed a motion to set aside
the default judgment and to restore the case to the civil docket.
The court denied that motion without a hearing on October 8,
1998. The defendants then filed a motion to reargue on October
27, 1998. On October 28, 1998, the court granted that motion
and scheduled argument for November 23, 1998. On March 16,
1999, following the hearing, the court, in an oral decision,
denied the defendants' motion to set aside the default judgment.
Id. 739-743.

Both defendants appealed the decision of the trial court. The judgment against Albert
C. Lodrini was reversed and remanded for further proceedings. The default judgment against
the present defendant, Virginia Lodrini, was affirmed. Id. 748.

The action against Albert C. Lodrini was subsequently withdrawn.

On May 9, 2002, the defendant, Virginia Lodrini, filed a motion to open the judgment
and restore the case to the trial docket claiming that the underlying default judgment was

Page 3

obtained by plaintiff's fraudulent nondisclosure of a material fact. The motion was denied by

the trial court without conducting a hearing at which the parties could present evidence on the

fraud claim. A motion to reargue was also denied. The defendant then appealed the trial

court decision. Tyler E. Lyman, Inc. v. Lodrini, 78 Conn. App. 684, 686 (2003).

The Appellate Court reversed the decision of the trial court and remanded the case for

an evidentiary hearing on the factual question as to whether the underlying default judgment

was obtained as a result of plaintiff's fraudulent nondisclosure of a material fact. Id. 688.

Pursuant to the remand order, on December 23, 2003, an evidentiary hearing was held

at which the parties presented their evidence.

The evidence at the remand hearing disclosed additional facts relevant to the issue now

before the Court. The original contract of sale was initiated by a letter dated October 2, 1995

from the State of Connecticut, Department of Environmental Protection offering to purchase,

from the Lodrinis, the land which was the subject of the contract between plaintiff and

defendants for $735,000. This offer was conditioned upon certain factors, including funds

being made available for the acquisition by the State Bond Commission. Closing was to

occur within thirty days. The contemplated date of closing was March 31, 1996. In

accordance with the terms of the letter, both defendants indicated their acceptance by

endorsement on October 26, 1995.

The Bond Commission did not make the funds available to the Department for

Page 4

purchase by March 31, 1996.

On or about July 22, 1997, a second offer was made by the Department with a new closing date. The actual closing took place on December 11, 1997.

On or about December 18, 1997, the plaintiff learned of the sale from a newspaper article. Shortly thereafter, plaintiffs principal, Tyler Lyman, contacted his attorney, David P. Condon.

Attorney Condon did some legal research and sent a letter to Thomas Durivan, plaintiff's agent who had been handling the Lodrini property, dated December 22, 1997, indicating problems with the case. One of the problems was that the Lodrinis were involved with the bankruptcy court.

Attorney Condon drafted a complaint, a copy of which was sent to Lyman on January 12, 1998. The cover letter sent with the draft complaint contained the following paragraphs:

> "Enclosed please find the draft Complaint we have drafted on your behalf. It seems to us that the best course is to allege the most favorable information we have and ignore (for purposes of the Complaint, anyway) the side issues and countervailing facts.
>
> To that end we have alleged simply that a listing agreement was signed, an amendment extending the listing agreement was also signed, the terms were complied with in that one of the identified entities signed a purchase and sale contract within the extension period and that later (but not exactly how much later ) the sale was completed pursuant to the contract. We think this puts about the best spin on it. Let Lodrini argue that he only owes you eight percent rather than ten."

The letter also indicated that the addendum could be read to say that plaintiff's commission could be earned if the property were ever to be sold to the Department so long as the disclosure of the potential buyer was made within two years. The letter indicated that this interpretation would be beneficial to the client, but would not be the usual and customary condition in a listing agreement.

On January 15, 1998, Thomas Durivan went to the Department's office in Hartford. Mr. Durivan reviewed the agency's file and made copies of some of the documents. He subsequently faxed copies of some documents to Attorney Condon's office. It is unclear what documents were copied and what documents were faxed to the attorney.

The summons and complaint were issued on January 16, 1998.

The complaint, by which plaintiff brought this action to recover its commission, alleges in paragraph 5 that the defendants executed the addendum on January 7, 1995, and that under the terms of the addendum defendants agreed to pay a 10 percent commission "in the event that the entity (or any one of the entities) that the agent (plaintiff) will divulge to the owners (defendants) at any time up to a period of two (2) years, purchases the property from owners".

A copy of the addendum was attached to the complaint. In paragraph 6 of the complaint, the addendum states that "owners acknowledge that the potential buyer(s) is/are: State of CT. D.E.P."

Page 6

Paragraph 7 of the complaint alleges that defendants executed a letter accepting an offer by the State of Connecticut D.E.P. to purchase the subject property for the gross sales price of $735,000.   A copy of the purchase agreement was also attached to the complaint.

Paragraph 8 of the complaint alleges that subsequent to the execution of the sales agreement, the State of Connecticut D.E.P. purchased the property from defendants for the gross sales price of $735,000.

In paragraph 9, it is alleged that defendant has neglected and refused to pay the real estate commission as agreed.

The affidavit of debt executed by Tyler E. Lyman, president of plaintiff corporation, and filed with the court in support of plaintiff's motion for default judgment generally follows the allegations of the complaint avers that: "On October 26, 1996, the Lodrinis signed a letter accepting an offer by the D.E.P. to buy the property for a gross sales price of $735,000.00  A copy of the purchase agreement is attached hereto as Exhibit C.  Sometime thereafter, the D.E.P. purchased the property for $735,000.00  There is currently owing from the Lodrinis to Lyman Real Estate commission of $73,500.00."

In granting the motion for default judgment, the court must have relied upon the affidavit of debt which tracked the allegations of the complaint.  Connecticut Practice Book Section 17-27.  A review of the affidavit of debt and the complaint confirms defendant's claim that the date of the closing, December 11, 1997, and the fact that this date was well after

Page 7

the two-year period agreed in the addendum of January 7, 1995, was not disclosed to the court. The second letter from the state to defendant dated July 22, 1997 was also not disclosed as was the date of approval by the Bonding Commission on September 29, 1997.

The question now before the court is whether or not the underlying default judgment against defendant was obtained as a result of plaintiff's fraudulent nondisclosure of a material fact. The fact, the nondisclosure of which, defendant claims constitutes fraud on the court is that, the sale, the actual closing and transfer of title to the real property which was the subject of the contract, took place on December 11, 1997. This closing was well after the two-year period set forth in the addendum executed on January 7, 1995, during which plaintiff would, according to the explicit terms of the addendum, be entitled to a commission. By a subsequent amendment to defendant's motion, it is also claimed that plaintiff knowingly failed to disclose to the court other related and material facts, to wit: "(1) The fact that the initial memorandum of understanding between the D.E.P. and defendants regarding the purchase of sale of land owned by defendants in the Town of Stonington referenced by plaintiff in its complaint and moving papers had been superceded by another memorandum of understanding of later date; and (2) that funding for the purchase of said land was not approved by the state Bonding Commission until September 29, 1997, a date well outside the two-year limitation period set out in the said contract addendum sued on by plaintiff."

The allegations of the amendment to the motion to vacate the judgment claiming that

Page 8

defendant failed to disclose that the original agreement of sale with the Department had been superceded by a later agreement and that the Bond Commission did not approve the funds for the sale until September 29, 1997 have not been proven. There is no evidence to prove what documents were transmitted by Mr. Durivan to Attorney Condon. Attorney Condon testified that he only learned of these matters well after the judgment had been obtained.

The claim here involves the fraudulent disclosure of a material fact. "Fraud consists in deception practiced in order to induce another to part with property or to surrender some legal right in which accomplishes the end designed. . . . The elements of a fraud action are: (1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment. . . . A marital judgment based upon a stipulation may be opened if the stipulation and the judgment was obtained by fraud." Weinstein v. Weinstein, 79 Conn. App. 638, 642 (2003). "A court will open a marital judgment secured by fraud if: (1) there was no laches or unreasonable delay by the injured party after the fraud was discovered; (2) there is clear proof of the perjury or fraud; and (3) there is a substantial likelihood that the result of a new trial will be different." Billington v. Billington, 220 Conn. 212, 218 (1991). Defendant also points out language in Suffield Development Associates Limited Partnership v. National Loan Investors, L.P., 260 Conn. 766, 779 (2002), discussing "fraud on the court," the court stated "when one party has made

Page 9

fraudulent representation to a court, or cause the court to be misled in some way, it could be said generally that the party has committed fraud on the court. Id., 779.

The fraud on the court in the case at bar could only consist of plaintiff misleading the court by the failure to disclose, either in the complaint or in the affidavit of debt, what is claimed to be a material fact that the closing, the actual payment of the purchase price and the transfer of title, took place well after the two-year period agreed to in the addendum of January 7, 1995. Attorney Condon was aware of these facts at the time the complaint and the affidavit were presented to the court.

Attorney Condon stated that he was proceeding under a theory of equitable conversion under which "the purchaser of land under an executory contract is regarded as the owner, subject to the vendor's lien for the unpaid purchase price, and the vendor holds the legal title in trust for the purchaser. . . .  The vendor's interest thereafter in equity is in the unpaid purchase price, and is treated as personalty; . . .  while the purchaser's interest is in the land and is treated as realty. . . .  A broker has fully performed his task when he brings the parties to an enforceable agreement. . . .  If, without any fraud, concealment, or any improper practice on the part of the broker, the principal accepts the person presented . . . upon the terms . . . proposed . . . and enters into a binding and enforceable contract with him for the purchase of the property the commission is fully earned." <u>Francis T. Zappone Co. v. Mark</u>, 197 Conn. 264, 268 (1985).  (Citations omitted.)

The fact that plaintiff was proceeding under the theory of equitable conversion is confirmed by language in Attorney Condon's letter to Durivan dated December 22, 1997, where he states: "Because the closing took place after the extension period, we have to take the position that finding a ready, willing and able buyer who signed a purchase and sales agreement is sufficient and that a closing within the extension period is not required."

Under the theory of the <u>Zappone</u> case, the actual date of the closing would not be material. It may well be that if defendant had appeared and defended the case, plaintiff would have had a difficult time obtaining judgment. This we will never know since defendant elected not to follow the rules and suffered a default judgment.

The evidence indicates that Attorney Condon was not confident that he had a strong case. "A party has the same right to submit a weak case as he has to submit a strong one." <u>Strickland v. Vescovi</u>, 3 Conn. App. 10, 15 (1984).

Under the facts of this case, it cannot be found that plaintiff had a duty to allege, or disclose, the actual date of the closing. Consequently, it has not been proven that the underlying default judgment against defendant was obtained as a result of plaintiff's fraudulent nondisclosure of a material fact.

Accordingly, the motion to open judgment against defendant, Virginia Lodrini, and restore the case to the trial docket is denied.

Joseph J. Purtill
Judge Trial Referee

78 Conn. App. 684, *; 828 A.2d 681, **;
Page 1

2003 Conn. App. LEXIS 346, ***

LEXSEE 78 CONN. APP. 684

## TYLER E. LYMAN, INC. v. ALBERT C. LODRINI ET AL.

### (AC 23377)

### APPELLATE COURT OF CONNECTICUT

*78 Conn. App. 684; 828 A.2d 681; 2003 Conn. App. LEXIS 346*

**May 6, 2003, Argued**
**August 12, 2003, Officially Released**

**SUBSEQUENT HISTORY:** Remanded by *Tyler E. Lyman, Inc. v. Lodrini, 78 Conn. App. 582, 828 A.2d 676, 2003 Conn. App. LEXIS 349 (2003)*
Appeal denied by *Tyler E. Lyman, Inc. v. Lodrini, 266 Conn. 917, 833 A.2d 468, 2003 Conn. LEXIS 430 (2003)*

**PRIOR HISTORY:** [***1] (Appeal from Superior Court, judicial district of New London, Martin, J.; Hon. D. Michael Hurley, judge trial referee.) Action to recover a real estate brokerage commission, and for other relief, brought to the Superior Court in the judicial district of New London, where the court, Martin, J., granted the plaintiff's motion for a judgment of default for the defendants' failure to appear and rendered judgment thereon; thereafter, the court denied the defendants' motion to open and to set aside the judgment, and the defendants appealed to this court, which reversed the judgment in part and remanded the matter for further proceedings; subsequently, the court, Hon. D. Michael Hurley, judge trial referee, denied the motion by the defendant Virginia Lodrini to open the judgment and to restore the case to the trial docket, and the defendant Virginia Lodrini appealed to this court. *Lyman v. Lodrini, 2002 Conn. Super. LEXIS 218 (Conn. Super. Ct., Jan. 22, 2002)*

**DISPOSITION:** Reversed and remanded with direction.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

**COUNSEL:** James Colin Mulholland, for the appellant (defendant Virginia Lodrini).

David P. Condon, for the appellee (plaintiff).

**JUDGES:** Lavery, C. J., and Schaller and West, Js. In this opinion the other judges concurred.

**OPINIONBY:** LAVERY

**OPINION:**

[**682] [*685] LAVERY, C. J. The defendant Virginia Lodrini [***2] n1 appeals from the judgment of the trial court, denying her motion to open the default judgment that was entered against her and to restore the case to the regular docket. On appeal, the defendant contends that the court improperly (1) held that this court already had determined conclusively that the motion was not timely filed pursuant to *General Statutes § 52-212* and (2) declined to afford her an evidentiary hearing on the motion to open the judgment, which motion was based on a claim of fraud on the court. We agree with the defendant and, accordingly, reverse the judgment of the trial court.

n1 The named defendant, Albert C. Lodrini, filed a separate appeal from the denial of his motion for an award of counsel fees pursuant to *General Statutes § 42-150bb*. In a separate opinion released on the same date, we reversed the judgment of the trial court and remanded that matter for a new hearing. See *Tyler E. Lyman, Inc. v. Lodrini, 78 Conn. App. 582, 2003 Conn. App. LEXIS 349 (2003)*. The only defendant in the present appeal is Virginia Lodrini.

[***3]

The facts were previously set forth in *Tyler E. Lyman, Inc. v. Lodrini, 63 Conn. App. 739, 780 A.2d 932, cert. denied, 258 Conn. 902, 782 A.2d 137 (2001)*, and were repeated in our opinion with regard to Albert Lodrini. See *Tyler E. Lyman, Inc. v. Lodrini, 2003 Conn. App. LEXIS 349 (2003)*. For the purposes of this opinion, we briefly summarize them as follows. On January 16, 1998, the plaintiff, Tyler E. Lyman, Inc., commenced

78 Conn. App. 684, *; 828 A.2d 681, **;

2003 Conn. App. LEXIS 346, ***

this action against the defendants, Albert Lodrini and Virginia [*686] Lodrini, to recover $ 73,500 in real estate commissions to which it believed it was entitled pursuant to the terms of a listing agreement between the parties. On February 19, 1998, the court entered a default judgment against the defendants. On August 17, 1998, the defendants filed a motion to set aside the default judgment and to restore the case to the civil docket. The court denied that motion. n2

n2 The court initially denied the motion without a hearing on October 8, 1998. The defendants filed a motion to reargue, which the court granted on October 28, 1998. A hearing took place on November 23, 1998. On March 16, 1999, the court, in an oral decision, denied the defendants' motion to set aside the default judgment. See *Tyler E. Lyman, Inc. v. Lodrini, supra,* 63 Conn. App. 742-43.

[***4]

On appeal to this court, we held that the trial court was correct in finding that the motion to set aside the default judgment was untimely as to the defendant Virginia Lodrini. n3 *Tyler E. Lyman, Inc. v. Lodrini, supra,* 63 Conn. App. 748. We therefore affirmed the judgment of the trial court as to the defendant. Id.

n3 We held that the motion was timely as to Albert Lodrini, and we reversed the judgment as to him. *Tyler E. Lyman, Inc. v. Lodrini, supra,* 63 Conn. App. 748.

The defendant then filed a motion to open the default judgment and to restore the case to the regular docket, claiming that the underlying default judgment was obtained by the plaintiff's fraudulent nondisclosure of a material fact. The plaintiff opposed the defendant's motion to open, arguing that this court's prior ruling in the action conclusively determined that the motion was not timely pursuant to § 52-212 and, further, that the defendant could not show an act of fraudulent nondisclosure. The [***5] court denied the defendant's motion without conducting a hearing at which the parties could present evidence on the fraud claim. The defendant then filed a motion to reargue, in which she argued, inter alia, that because the motion to open alleged fraud, which is a fact bound issue, the motion could not be [*687] decided without an evidentiary hearing. [**683] The court denied the motion to reargue. The defendant then appealed to this court. n4

n4 In response to the defendant's motion for

articulation, the court issued the following articulation of its decision:

"This court denied the motion to open the default filed by the defendant, Virginia Lodrini, dated May 6, 2002, on May 28, 2002.

"The plaintiff objected on two grounds: (1) that the Appellate Court has already conclusively determined that the motion was not timely pursuant to *General Statutes § 52-212*; and (2) that the defendant cannot prove her claim of fraudulent nondisclosure.

"The court agrees with the plaintiff's objection. For that reason it denied the defendant's motion to reopen the default."

[***6]

"Our review of a court's denial of a motion to open [based on fraud] is well settled. We do not undertake a plenary review of the merits of a decision of the trial court to grant or to or deny a motion to open a judgment. . . . In an appeal from a denial of a motion to open a judgment, our review is limited to the issue of whether the trial court has acted unreasonably and in clear abuse of its discretion." (Internal quotation marks omitted.) *Mattson v. Mattson,* 74 Conn. App. 242, 244, 811 A.2d 256 (2002).

"Courts have intrinsic powers, independent of statutory provisions authorizing the opening of judgments, to vacate any judgment obtained by fraud, duress or mutual mistake." (Internal quotation marks omitted.) *In re Salvatore P.,* 74 Conn. App. 23, 27, 812 A.2d 70 (2002), cert. denied, 262 Conn. 934, 815 A.2d 135 (2003). "Allegations such as misrepresentation and fraud present issues of fact. . . . Moreover, whether evidence supports a claim of fraudulent or negligent misrepresentation is a question of fact." (Internal quotation marks omitted.) *Jaser v. Fischer,* 65 Conn. App. 349, 358, 783 A.2d 28 (2001). [***7] "When a court's exercise of discretion depends on disputed factual issues, such as the existence of fraud, due process requires an evidentiary hearing." *Davis v. Fracasso,* 59 Conn. App. 291, 299-300, 756 A.2d 325 (2000). [*688] The issue before us, therefore, is whether the court abused its discretion in refusing to open the judgment without holding an evidentiary hearing on the factual question raised by the defendant, namely, whether the underlying default [**684] judgment was obtained as a result of the plaintiff's fraudulent nondisclosure of a material fact. We conclude that under the circumstances of this case, the court abused its discretion in denying the defendant's motion to open.

The record reflects that the defendant raised two arguments in support of her initial motion to set aside the default judgment. She first argued that she had not been

78 Conn. App. 684, *; 828 A.2d 681, **;

2003 Conn. App. LEXIS 346, ***

aware of the action and that she had acted promptly once she learned of it. She further argued that the manner in which the plaintiff had obtained the judgment was "questionable" in that the court was not apprised fully of all material and relevant facts. The court denied the motion on the ground that it was untimely. See *General Statutes § 52-212* [***8] . The court did not mention the second ground raised by the defendant in the motion. As previously stated, we affirmed the judgment of the court as to the defendant. n5

n5 We stated in our opinion that "although there are exceptions to the rule requiring a party who seeks to open a default judgment to do so within four months of entry of the judgment, [the defendant] did not specifically allege the applicability of any of those exceptions as grounds for her late filing of the motion to open the judgment." *Tyler E. Lyman, Inc. v. Lodrini, supra, 63 Conn. App. 745 n.6.*

As we stated, the defendant then filed a motion to open the default judgment and to restore the case to the regular docket. The defendant alleged that the default judgment was obtained as a result of the plaintiff's wilful and fraudulent failure to disclose to the court a material and relevant fact. Specifically, the defendant argued that the plaintiff never disclosed to the court, in any of its filings with the court, that [***9] the closing of the sale of the subject property took place in December, 1997, after [*689] the expiration of the two year limitation period set forth in the addendum to the parties' listing agreement. The defendant further indicated that although she raised the claim that the judgment was obtained as a result of the fraudulent nondisclosure of a material fact in her prior motion to open the default judgment, the court denied the motion strictly on timeliness grounds and did not make any findings with regard to her claim of fraudulent nondisclosure. The defendant requested a hearing and indicated that testimony was to be presented on the motion. The court, however, simply denied the motion without holding a hearing.

The defendant argues on appeal, as she did in the trial court, that no court has considered whether the default judgment was obtained as a result of fraud on the court. She argues that because judgments obtained by fraud may be challenged at any time; see *Kenworthy v. Kenworthy, 180 Conn. 129, 131, 429 A.2d 837 (1980)*; and because her second motion specifically alleged fraudulent nondisclosure as the basis for the motion, the court abused its discretion in [***10] denying the motion without conducting an evidentiary hearing on the issue.

The plaintiff argues that the court previously denied the defendant's fraud claim. According to the plaintiff, implicit in the court's denial of the defendant's first motion to set aside on timeliness grounds was a finding that the defendant had not proven her fraud claim. The plaintiff further argues that our affirmance of the court's decision as to the defendant in *Tyler E. Lyman, Inc. v. Lodrini, supra, 63 Conn. App. 739*, conclusively establishes that the issue of fraudulent nondisclosure was litigated and lost in that case. We disagree.

It is clear to us that the plaintiff's claim of fraudulent nondisclosure has yet to be addressed by either the trial court or this court. As we stated in *Tyler E. Lyman, Inc. v. Lodrini, supra, 63 Conn. App. 745 n.6*, the defen [*690] dant did not specifically allege the applicability of the fraud exception as a ground for the late filing of her first motion to open. The court limited its opinion on that motion to the issue of timeliness under *§ 52-212*. We, likewise, affirmed the judgment of the trial court as to the defendant solely [***11] on the timeliness issue and, therefore, did not address the fraud issue. n6

n6 Our conclusion that the court did not consider the fraud claim is supported by our remand in *Tyler E. Lyman, Inc. v. Lodrini, supra, 63 Conn. App. 739*, as to Albert Lodrini. In that opinion, we reversed the judgment as to Albert Lodrini, concluding that as to him, the original motion to set aside was timely. We declined to consider his second ground for appeal, namely, that the court improperly refused to address the defendants' claim that the plaintiff had failed to disclose a material fact to the court. We stated, rather, that the court would have a full opportunity to hear and to address Albert Lodrini's claims in that regard on remand of the case. *Id., 740*. Although the remand was limited to Albert Lodrini, it supports our conclusion that the issue has not been addressed by the trial court. We would not have remanded the case on that issue as to Albert Lodrini if, as the plaintiff argues, we believed that the court had implicitly decided the issue when it held that the motion was untimely.

[***12]

Because the court's exercise of discretion in ruling on the motion to open was dependent on the disputed factual issue of fraud, due process required that the court [**685] hold an evidentiary hearing on that issue. See *Davis v. Fracasso, supra, 59 Conn. App. 299-300*. The court, therefore, abused its discretion in ruling on the matter without affording the parties the opportunity to present evidence with regard to the defendant's fraud claim.

The judgment is reversed and the case is remanded