78 Conn. App. 684, *; 828 A.2d 681, **;
2003 Conn. App. LEXIS 346, ***

Page 4

for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

Case 3:00-cv-01015-RNC   Document 40-2   Filed 03/15/2004   Page 2 of 5

78 Conn. App. 582, *; 828 A.2d 676, **;
2003 Conn. App. LEXIS 349, ***

Page 1

LEXSEE 78 CONN.APP. 582

## TYLER E. LYMAN, INC. v. ALBERT C. LODRINI ET AL.

(AC 23232)

### APPELLATE COURT OF CONNECTICUT

*78 Conn. App. 582; 828 A.2d 676; 2003 Conn. App. LEXIS 349*

May 6, 2003, Argued
August 12, 2003, Officially Released

**PRIOR HISTORY:** [***1] (Appeal from Superior Court, judicial district of New London, Martin, J.; Hon. Joseph J. Purtill, judge trial referee; Hon. D. Michael Hurley, judge trial referee.) Action to recover a real estate brokerage commission, and for other relief, brought to the Superior Court in the judicial district of New London, where the court, Martin, J., granted the plaintiff's motion for a judgment of default for the defendants' failure to appear and rendered judgment thereon; thereafter, the court denied the defendants' motion to open and to set aside the judgment, and the defendants appealed to this court, which reversed the judgment in part and remanded the matter for further proceedings; subsequently, the court, Hon. Joseph J. Purtill, judge trial referee, granted the named defendant's motion to open and to restore the case to the trial docket; thereafter, the plaintiff withdrew the action as against the named defendant; subsequently, the court, Hon. D. Michael Hurley, judge trial referee, denied the named defendant's motion for attorney's fees, and the named defendant appealed to this court. *Tyler E. Lyman, Inc. v. Lodrini, 78 Conn. App. 684, 828 A.2d 681, 2003 Conn. App. LEXIS 346 (2003)*

**DISPOSITION:** Reversed and remanded.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

**COUNSEL:** James Colin Mulholland, for the appellant (named defendant).

David [***2] P. Condon, for the appellee (plaintiff).

**JUDGES:** Lavery, C. J., and Schaller and West, Js. In this opinion the other judges concurred.

**OPINIONBY:** LAVERY

**OPINION:**

[**677] [*583] LAVERY, C. J. The defendant Albert C. Lodrini n1 appeals from the judgment of the trial court, denying his motion for an award of counsel fees pursuant to [*584] *General Statutes § 42-150bb*. On appeal, the defendant argues that the court improperly concluded that a party could not be found to have defended an action successfully under *§ 42-150bb* when the action is withdrawn before judgment is rendered. Because we conclude that a factual issue exists regarding the applicability of *§ 42-150bb*, we reverse the judgment of the trial court and remand the matter for a hearing on the defendant's motion for counsel fees.

> n1 Virginia Lodrini, the other defendant in this action, is not a party to this appeal. We therefore refer in this opinion to Albert Lodrini as the defendant.

We previously have set forth the relevant facts in *Tyler E. Lyman, Inc. v. Lodrini, 63 Conn. App. 739, 780 A.2d 932,* [***3] *cert. denied, 258 Conn. 902, 782 A.2d 137 (2001).* "On November 12, 1994, the defendants entered into an agreement with the plaintiff to list a parcel of real property for sale. Pursuant to the listing agreement, the defendants promised to pay the plaintiff a commission of 10 percent of the sale price if the plaintiff produced a buyer ready, willing and able to purchase the property for a price acceptable to the defendants. The agreement was for a period of six months.

"On January 7, 1995, the parties executed an addendum to that agreement. The addendum provided that the plaintiff may have a potential buyer for the property and, if it would disclose the potential buyer to the defendants and if the buyer purchased the property within two years, then the defendants agreed to

78 Conn. App. 582, \*; 828 A.2d 676, \*\*;
2003 Conn. App. LEXIS 349, \*\*\*

Page 2

compensate the plaintiff 10 percent of the purchase price [\*\*678] as commission. The addendum listed one potential buyer as the Connecticut department of environmental protection (department).

"On October 25, 1995, the defendants accepted the department's offer to purchase the property for $ 735,000. The defendants closed the sale with the department on December 11, 1997. The defendants did not pay the plaintiff [\*\*\*4] any commission on the sale. On January 16, 1998, the plaintiff commenced this action, [\*585] seeking the $ 73,500 in commissions to which it believed it was entitled pursuant to the terms of the listing agreement. On February 19, 1998, the court entered a default judgment against the defendants and in favor of the plaintiff in the amount of $ 73,732, which included the $ 73,500 commission plus $ 232 in interest." *Id.,* 740-42.

The court denied the defendants' motion to set aside the default judgment, and the defendants appealed to this court. *Id.,* 742. With regard to Albert Lodrini, the defendant herein, n2 we held that sufficient evidence had been produced at the hearing before the trial court to rebut the presumption that he had received the notice of the default judgment. Pursuant to the principles set forth in *Habura v. Kochanowicz, 40 Conn. App. 590, 592, 672 A.2d 512 (1996),* we held that the defendant's motion to set aside the default judgment was timely, and we remanded the matter for further proceedings to consider the merits of his motion. *Tyler E. Lyman, Inc. v. Lodrini, supra, 63 Conn. App. 747-48.*

n2 The defendants were Albert Lodrini and Virginia Lodrini.

[\*\*\*5]

On remand, the court granted the defendant's motion to set aside the default judgment and to restore the case to the docket. In so doing, the court held that the defendant had satisfied the requirements of *General Statutes § 52-212,* that is, the court found that the defendant had a reasonable defense to the action that existed at the time the judgment was rendered, and he was prevented by reasonable cause from presenting the defense that he might have in the case.

Subsequent to the setting aside of the default judgment and restoration to the docket, the defendant filed a request to revise the complaint, to which the plaintiff objected. The court overruled the plaintiff's objection. The defendant then filed a motion for nonsuit against the plaintiff for its failure to revise its complaint. The [\*586] plaintiff subsequently filed a withdrawal of the action. The defendant then filed a motion for an award of counsel fees under *§ 42-150bb,* which was denied by the court. The defendant filed a motion to reargue his motion for counsel fees and a motion for articulation. In response, the court denied the motion and stated: "No fees awarded when a case is withdrawn." Thereafter, [\*\*\*6] the defendant filed the present appeal.

On appeal, the defendant argues that the court improperly held that a party could not be found to have defended an action successfully under *§ 42-150bb* when the commercial party unilaterally withdraws the action before judgment is rendered in the matter. The plaintiff counters that the court's decision is supported by *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources, 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001),* and *Wallerstein v. Stew Leonard's Dairy, 258 Conn. 299, 780 A.2d 916 (2001).* n3 We do not decide that issue, however, because we conclude that a threshold factual issue exists [\*\*679] as to whether the action involves a contract that is covered by the provisions of *§ 42-150bb.*

n3 The plaintiff also argues that although the defendant filed his motion pursuant to Practice Book § 11-21, which requires that motions for attorney's fees be filed with the court within thirty days following the date on which the final judgment is rendered, that rule does not apply to the present case. Specifically, the plaintiff argues that the defendant failed to satisfy a prerequisite for relief under that rule because no judgment was rendered in his favor. In that regard, we note that "under [the] law, the effect of a withdrawal, so far as the pendency of the action is concerned, is strictly analogous to that presented after the rendition of a final judgment or the erasure of the case from the docket." (Internal quotation marks omitted.) *Smith v. Reynolds, 54 Conn. App. 381, 383, 735 A.2d 827 (1999).*

[\*\*\*7]

*Section 42-150bb* provides in relevant part: "Whenever any contract or lease entered into on or after October 1, 1979, to which a consumer is a party, provides for the attorney's fee of the commercial party to be paid by the consumer, an attorney's fee shall be awarded [\*587] as a matter of law to the consumer who successfully prosecutes or defends an action or a counterclaim based upon the contract or lease. . . . For the purposes of this section, 'commercial party' means the seller, creditor, lessor or assignee of any of them, and 'consumer' means the buyer, debtor, lessee or personal representative of any of them. The provisions of this section shall apply only to contracts or leases in which the money, property or service which is the subject of the transaction is primarily for personal, family or household purposes."

78 Conn. App. 582, *; 828 A.2d 676, **;
2003 Conn. App. LEXIS 349, ***

Page 3

"Under § 42-150bb, the court has no latitude to deny [attorney's fees] to a consumer who successfully defends an action brought against him by a commercial party." *Rizzo Pool Co. v. Del Grosso, 240 Conn. 58, 66, 689 A.2d 1097 (1997)*. Such attorney's fees are available, rather, by operation of law. Id. The amount of the fees to be awarded "rests in [***8] the sound discretion of the trial court and will not be disturbed on appeal unless the trial court has abused its discretion." (Internal quotation marks omitted.) *Id., 78.*

Section 42-150bb "provides its own definition of the type of contract for which attorney's fees may be recovered." *Id., 72.* It applies only to contracts or to leases in which "the money, property or service which is the subject of the transaction is primarily for personal, family or household purposes." *General Statutes § 42-150bb.* When faced with a motion for counsel fees pursuant to § 42-150bb, a court must, therefore, determine whether the contract at issue is the type of contract for which attorney's fees may be recovered.

In that regard, the record reveals the following additional facts. The defendant represented in his motion for an award of counsel fees pursuant to § 42-150bb that the plaintiff had commenced the action on the basis of a contract in which the money, property or service [*588] that was the subject of the transaction was primarily for personal, family or household purposes. The defendant represented that the plaintiff was a commercial party and [***9] that the parties' contract provided that the plaintiff's attorney's fee was to be paid by the defendant. Specifically, the defendant argued that the action was based on an addendum to the real estate listing agreement, pursuant to which the defendant "'agreed to pay [the plaintiff] reasonable legal fees for collection of any commissions that shall become due and payable under the terms and conditions of this agreement.'" The motion indicates that the defendant requested oral argument and indicated that testimony was to be presented on the matter.

In its objection to the motion for attorney's fees, the plaintiff argued, inter alia, [**680] that the contract at issue was not a consumer contract. Specifically, the plaintiff argued that "the contract in issue is a real estate listing agreement on undeveloped non-residential real property consisting of [approximately 13.7] acres known as 209-227 River Road in Stonington, Connecticut. Said property was not the defendant's residence or otherwise used for his personal, family or household purposes." n4

n4 The plaintiff further pointed out that "in a purchase and sales contract signed by [the] defendant with the Connecticut Department of Environmental Protection on October 26, 1995, the property is described as follows: '. . . illustrated on a map entitled "Site Plan Showing Property of ALBERT C. and VIRGINIA LODRINI DBA Stonington Yacht Club Located On Stanton Weir Point River Road Stonington, Connecticut And As Stonington Marina Scales as Shown January 1984" prepared by George H. Dieter, L.S. No. 5078, attached hereto and incorporated herein as Schedule B.'"

[***10]
The court denied the defendant's motion without holding a hearing or permitting argument of counsel. As previously stated, in response to the defendant's motion to reargue and for articulation, the court simply stated: "No fees awarded when a case is withdrawn." [*589] The court did not address whether the contract was one in which "the money, property or service which is the subject of the transaction is primarily for personal, family or household purposes." See *General Statutes § 42-150bb.* Such a determination was required, however, before the court could act on the motion for counsel fees properly pursuant to § 42-150bb. See, e.g., *TDS Painting & Restoration, Inc. v. Copper Beech Farm, Inc., 45 Conn. App. 743, 751, 699 A.2d 173* ("determination as to whether a particular property is commercial in nature for purposes of the 'commercial exception' to the Home Improvement Act [*General Statutes § 20-418 et seq.*] is a factual determination, and not a matter of law"), cert. denied, *243 Conn. 908, 701 A.2d 338 (1997)*; *Craftsmen, Inc. v. Young, 18 Conn. App. 463, 468, 557 A.2d 1292* (court [***11] improperly granted motion for summary judgment pursuant to Home Solicitation Sales Act, *General Statutes § § 42-134a and 42-135a*, where genuine issue of fact existed between parties about whether work performed by plaintiff was for "'personal, family or household purposes'"), cert. denied, *212 Conn. 806, 561 A.2d 947 (1989)*.

We conclude, on the basis of the previously discussed case law, that the court improperly denied the defendant's motion for counsel fees pursuant to § 42-150bb without conducting an evidentiary hearing. See, e.g., *New England Savings Bank v. Clark, 54 Conn. App. 121, 126, 734 A.2d 146 (1999)*. Without a factual determination that the contract at issue fell within the parameters of § 42-150bb, the court improperly held that attorney's fees are not permitted under the statute when a case is withdrawn. n5

n5 In light of that conclusion, we do not decide whether, assuming the contract at issue is one that falls within the ambit of *General Statutes § 42-150bb*, the court properly held that attorney's fees are not permitted when the action is withdrawn. In the event that the court, on remand, determines that the action was not based

Case 3:00-cv-01015-RNC   Document 40-2   Filed 03/15/2004   Page 5 of 5

Page 4

78 Conn. App. 582, *; 828 A.2d 676, **;
2003 Conn. App. LEXIS 349, ***

on a consumer contract and, therefore, would not fall within the ambit of § 42-150bb, any resolution of that issue at this juncture would be no more than an advisory opinion, which we are without authority to render. See, e.g., *In re Brianna F.*, 50 Conn. App. 805, 811, 719 A.2d 478 (1998).

[***12]

[*590] The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.