FILED

2004 MAY -3 A 11: 18

U.S. DISTRICT COURT
HARTFORD, CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALBERT C. LODRINI | : | CIVIL # 300-CV-01015-RNC |
| VS. | : | |
| TYLER E. LYMAN, INC., ET AL. | : | APRIL 30, 2004 |

### OBJECTION TO PLAINTIFF'S MOTION FOR PERMISSION TO AMEND COMPLAINT DATED APRIL 20, 2004

The defendants hereby object to the plaintiff's Motion for Permission to Amend the Complaint to add an additional account. In support of said objection, the defendant represents as follows:

1.  By way of Motion dated April 20, 2004, the plaintiff seeks permission to add a new count claiming, *inter alia*, double damages on allegations that the defendant commenced and prosecuted a civil action against the plaintiff.

2.  The instant action was originally commenced on or about June 5, 2000.

3.  The plaintiff in moving for permission to amend its Complaint is purporting to add a new cause of action that did not exist at the commencement of the action.

**ORAL ARGUMENT IS NOT REQUESTED**

4. More particularly, the plaintiff alleges in Paragraph 31 of his Second Amended Complaint that "On or about April 2, **2002** the defendants herein, Tyler E. Lyman, Inc. unilaterally withdrew its case as against Albert Lodrini ending the prior litigation in plaintiff's favor". This cause of action did not exist at the time the plaintiff filed its original Complaint and as such is not a proper part of the instant action.

5. The tort alleged by the plaintiff is governed by the two year Statute of Limitations. More than two years has elapsed since April 2, 2002. Therefore, the Statute of Limitations precludes the plaintiff's requested amendment.

6. Under Connecticut law essential elements of vexatious-suit claim are termination of underlying action in favor of defendant therein, malice on part of party that brought underlying action, and lack of probable cause for the underlying action. Zabelle v. Coratolo, 816 F. Sup. 115 (D. Conn. 1993). In the instant action there has been no termination of underlying action in favor of the defendant.

7. Additionally, the plaintiff in attempting to amend his Complaint impermissibly is combining within one count of a complaint two causes of

action i.e. a complaint under the Connecticut Unfair Trade Practices Act and an action under C.G.S. Section 52-568.

8. As a further basis for the Objection, the plaintiff makes no factual showing that the jurisdictional amount necessary for the Court's assuming jurisdiction of this case has been satisfied.

9. In the State Court action, on remand from the Appellate Court, Judge Purtill denied Virginia Lodrini's Motion to Reopen on the basis of fraud. Judge Purtill also denied Albert Lodrini's Motion for Attorney's Fees.

10. No appeal of Judge Purtill's ruling has been taken. The Lodrinis may argue that certain procedural motions that they have filed have stayed the appeal period. Counsel for the defendants (in this action) does not agree with that.

11. On or about March 20, 2003 this Court entered a ruling. In said ruling, this Court stayed the action pending a decision by the Connecticut Appellate Court. This Court may consider further staying the instant action pending a resolution of any State Court motions and/or appeals.

For all of the aforesaid reasons, the plaintiff's Motion for Permission to Amend in accordance with Rule 15(a) should be denied or in the alternative

the action should be stayed pending further appeals by Albert or Virginia Lodrini.

THE DEFENDANTS

By _____
Lloyd L. Langhammer for O'Brien,
Shafner, Stuart, Kelly & Morris, P. C.
138 Main Street
P. O. Box 310
Norwich, CT 06360
(860) 889-3855
ct 01508

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALBERT C. LODRINI | : | CIVIL # 300-CV-01015-RNC |
| VS. | : | |
| TYLER E. LYMAN, INC., ET AL. | : | APRIL 30, 2004 |

### MEMORANDUM OF LAW IN ACCORDANCE WITH L. CIV. R. 9

This Memorandum is being submitted in compliance with the Local Rules and is intended to supplement the arguments and reasons set forth in the Objection.

FRCP Rule 10(b) requires that "Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count or defense whenever a separation facilitates a clear presentation of the matters set forth." In the instant action the plaintiff impermissibly attempts to combine a claim under the Connecticut Unfair Trade Practices Act with a Claim under C.G.S. Section 52-568 within the same Count.

Right to recover jurisdictional amount must exist at time of institution of suit in Federal Court. Cunningham v. Ford Motor Company (1976, DC SC) 413 F. Sup. 1101. The purported amendment seeks relief that by definition could not have been awarded at the time the instant action was brought in 2000.

To determine whether amount in controversy exceeds, exclusive interest and costs, jurisdictional amount, Court has to examine complaint. <u>Commercial Casualty Insurance Company v. Fowles</u>, 154 F.2d 884 (1946). Here, the ad damnum makes no reference to the jurisdictional requirement under 28 U.S.C. Section 1332.

As indicated in the Objection, this Court previously ordered a stay so as to determine the outcome of any Superior Court and/or Appellate Court rulings. See, <u>Giulini v. Blessing</u>, 654 F.2d 189, 193 (2nd Cir. 1981). For the reasons enunciated by this Court in its ruling of March 20, 2003, this Court should, in the event it declines to sustain the defendants' Objection to request for Permission to Amend consider issuing a stay until such time as any and all Superior Court actions and/or Appellate Court actions are concluded.

THE DEFENDANTS

By _____
Lloyd L. Langhammer for O'Brien,
Shafner, Stuart, Kelly & Morris, P. C.
138 Main Street
P. O. Box 310
Norwich, CT 06360
(860) 889-3855
ct 01508

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing has been mailed, postage prepaid on this 30th day of April 2004 to the following:

James Colin Mulholland, Esquire
Post Office Box 2010
Salem, CT 06420

>                                    THE DEFENDANTS
>
> By _____
>                                    Lloyd L. Langhammer for O'Brien,
>                                    Shafner, Stuart, Kelly & Morris, P. C.
>                                    138 Main Street
>                                    P. O. Box 310
>                                    Norwich, CT 06360
>                                    (860) 889-3855
>                                    ct 01508