FILED

2004 MAY 11 A 11: 31

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALBERT C. LODRINI | : | CIVL # 300-CV-01015-RNC |
| VS. | : | |
| TYLER E. LYMAN, INC., ET AL | : | MAY 10, 2004 |

## PLAINTIFF'S REJOINDER TO OBJECTION OF DEFENDANTS TO PLAINTIFF'S MOTION FOR PERMISSION TO AMEND

Defendants filed objections to plaintiff's motion for permission to amend dated April 30, 2004. As best can be determined the objections are: (1) That the vexatious litigation action commenced under Connecticut General Statute section 52-568 is precluded by an unidentified statute of limitation; (2) That there was no termination of the underlying action in favor of defendant; (3) That the jurisdictional amount required under Title 28 U.S.C. section 1332 (a) has not been satisfied as to the newly added causes of action; and (4) That plaintiff improperly joins causes of action in a separate count. None of the stated objections is properly raised and each shall be discussed briefly below.

1

a.

<u>PLAINTIFF'S ACTION FOR VEXATIOUS LITIGATION IS NOT TIME-BARRED</u>

Defendants state baldly in their objection that "*the tort alleged by plaintiff is governed by the two year statute of limitation.*" Defendants do not cite to any statutes or provide any legal analysis. Such statement is a patent misstatement of the law. Vexatious litigation actions are governed by the statute of limitation set out in section 52-577 of the Connecticut general statutes, which statute establishes that: "*No action founded upon a tort shall be brought but within* **three years** *from the date of the act or omission complained of.*" <u>Shea v. Chase Manhattan Bank, NA</u>, 27 Conn. L. Rptr. 579 (Tierney, J.) (7/27//00), rev. other grounds, 64 Conn. App. 624 (2001).[1] [emphasis added]. [Copy of superior court ruling attached]. While there may be other issues to consider relevant to the

---

[1] The superior court in <u>Shea</u> reads section 52-568 as allowing the three year period under section 52-577 to begin running when the action was withdrawn or terminated in plaintiff's favor. The trial court focused on the language of section 52-568 that says: "commences *and* prosecutes any civil action . . ." This interpretation was not considered on appeal by the appellate court.

2

application of section 52-577 to this matter, it is abundantly clear that the limitation period is three years not the two announced by defendants.

b.

### THE PRIOR ACTION TERMINATED IN PLAINTIFF'S FAVOR

Defendants claim that in the "*instant action there has been no termination of underlying action in favor of the defendant.*" Defendants again provide no supporting legal authority or otherwise support this naked claim and therefore plaintiff is unable to make any cogent counter-arguments. Suffice to say plaintiff stands by his allegation that the prior action terminated in his favor. [2]

---

[2] In the **Shea** case plaintiff was allowed to proceed on the allegation that the unilateral withdrawal of the underlying action was sufficient to support the element of the statute that the underlying action terminated in plaintiff's favor.

C.

<u>*DEFENDANTS DO NOT EXPLAIN RELEVANCE OR SIGNIFICANCE OF THEIR OBJECTION THAT CAUSE OF ACTION DID NOT EXIST AT THE TIME THIS FEDERAL MATTER WAS COMMENCED PRECLUDING COUNTER-RESPONSE*</u>

Defendants make the wholly conclusory objection that *"this cause of action did not exist at the time the plaintiff filed its original compliant and as such is not a proper part of the instant action."* Defendants, but again, provide absolutely no legal analysis for this bald claim. Plaintiff is not aware of any sound reason precluding him from joining this later accrued cause of action with the prior filed action, particularly since the vexatious suit stems from the same facts and circumstances and is deeply entwined with the original filed action. The only reason such action was not made a part of the original action was that such could not be done until the underlying state court action terminated in plaintiff's favor, which did not happen until April 2, 2002.[3]

---

[3] The delay in bringing the vexatious claim is founded on two reasons: (1) the plaintiff was prosecuting a collateral action in the state court on his claim to an entitlement to counsel fees under section 52-150bb, which claim was only recently ruled on by the trial court on remand from the appellate court;

4

d.

<u>PLAINTIFF HAS NOT IMPERMISSIBLY COMBINED WITHIN ONE COUNT OF A COMPLAINT TWO CAUSES OF ACTION</u>

Defendants claim that plaintiff impermissibly seeks to join a CUTPA action with an action under section 52-568 in one count. Again, there is no discussion on the matter provided by defendants. Count One of the Amended complaint states a claim under the CUTPA. Plaintiff has simply alleged therein that the defendants' violation of section 52-568 constitutes an improper act or practice under the CUTPA; not an unusual or improper pleading. A second count is added relying solely on section 52-568. In any event defendants can pursue any remedies or corrections they might deem proper under Fed. R. Civ. Proc. 12.

---

and (2) Until recently, the federal matter had been subject to an administrative stay pending some resolutions made in the state court litigations.

e.

<u>THE NEW CAUSE OF ACTION STATED DOES NOT REQUIRE SEPARATE AMOUNT IN CONTROVERSY JURISDICTIONAL CONSIDERATIONS.</u>

Defendants make yet another unsupported objection that *"the plaintiff makes no factual showing that the jurisdictional amount necessary for the Court's assuming jurisdiction of this case has been satisfied."* Defendants seem to be arguing that plaintiff needs to show that the damages he can reasonably recover under this newly added cause of action alone satisfy the amount in controversy requirements of Title 28 U.S.C. section 1332(a). Defendants are not challenging, and have never to date challenged, the assertion of diversity jurisdiction over this case as originally filed. Satisfaction of the amount in controversy requirement for diversity jurisdiction is not made on a claim by claim basis; rather such determination is made based on an aggregation of all claims made. **<u>Wolde v. Meskel v. Vocational Instruction Project</u>**, 166 F. 3d 59, 62 (2nd Cir 1995). It stands to reason therefore, that once the court has jurisdiction, it certainly cannot lose that jurisdiction because

6

of the filing of a new claim in the matter, even if [though not conceded herein by plaintiff] the new claim may alone not satisfy the amount in controversy requirement.

From the foregoing it is crystal clear that defendants' objections are totally without any merit. The defendants provide no meaningful discussions as to any of the objections made leaving it to the plaintiff and to the court to do all the work in the matter. The substance of the objections would suggest that such were made without defendant' having done any serious preliminary legal research.

### *ISSUE RAISED OF STAY OF PROCEEDINGS*

Defendants improperly slipped into their objections a request of stay of this case "*until such time as any and all Superior Court actions and/or Appellate Court actions are concluded.*" Plaintiff does not agree to any further stay of action. Plaintiff is an elderly man; he needs this case to be tried to an end. Plaintiff would request a case management schedule with the earliest possible date for jury trial.

           Plaintiff, Albert C. Lodrini

         By: _____
            James Colin Mulholland
            His Attorney
            Fed. Bar #: 06585
            PO Box 2010
            Salem, CT 06420
            860-657-8131
            860-892-4583 (fax)
            jcmulholland@aol.com

  A copy was sent via US regular mail to all counsel of record this 10th day of May, 2004, to wit:

OBRIEN, SHAFNER, STUART, KELLY & MORRIS
138 Main Street
PO Box 310
Norwich, CT 06360

_____
James Colin Mulholland

8

Case 3:00-cv-01015-RNC    Document 46    Filed 05/11/2004    Page 9 of 17

## 00-CBAR-0482; Shea v. Chase Manhattan Bank;

**Short Name**: Shea v. Chase Manhattan Bank

**Long Name**: Stephanie W. Shea v. Chase Manhattan Bank, N.A.

Other Parties:

Conn. L. Rptr. Cite: 27 Conn. L. Rptr. 579

Docket Number: CV 96 0149647S

As-is Docket Number: CV 96 0149647S

Other Docket Numbers:

As-is Other Docket Numbers:

Venue: Superior Court at Stamford

File Date: July 27, 2000

Caption Date:

Judge (with first initial, no space for Sullivan, Dorsey, and Walsh): TIERNEY

Opinion Title:

*[handwritten: STATUTE LIMITATION]*

This is a Memorandum of Decision on two Motions For Summary Judgment, one filed by the plaintiff, the other filed by the defendant. Both motions seek summary judgment as to the defendant's second and third special defenses. Both Motions For Summary Judgment were argued before this court on September 20, 1999. After arguments, this court ruled from the bench, granting the plaintiff's Motion for Summary Judgment and denying the defendant's Motion. This Memorandum of Decision is the court's articulation of the basis for its ruling. This memorandum discusses the arguments raised in the defendant's motion. The discussion applies equally to the plaintiff's motion.

In the first count of her complaint, the plaintiff, Stephanie W. Shea (Shea), asserts a claim against the defendant, Chase Manhattan Bank, N.A. (Chase), for vexatious litigation pursuant to General Statutes § 52-568.1 In the second count of her complaint Shea alleges a violation of General Statutes § 42-110b, the Connecticut Unfair Trade Practices Act (CUTPA).

Chase filed an answer and four special defenses. Chase alleges in its Second Special Defense that Shea's CUTPA claim is barred by the statute of limitations contained in General Statutes § 42-110g(f).2 Chase alleges in its Third Special Defense that the claim for vexatious litigation pursuant to General Statutes § 52-568 is barred by the applicable statute of limitations, General Statutes § 52-577.3

Shea's claims in this action arise out of a prior action in which Chase sued Shea claiming that Shea fraudulently induced Chase into loaning several million dollars to Deltrade, a corporation of which Shea was the president and a director (hereinafter, the prior action). The prior action was commenced on September 5, 1989, by service of a writ of attachment and complaint on Shea.

During the pendency of the prior action, Shea was indicted by the Grand Jury of New York County on March 20, 1991 on charges relating to the same loan transactions that were the subject of the fraud claims of the prior action. On May 20, 1993 the indictment was dismissed. On May 2, 1994 Chase withdrew its claim against Shea. Shea commenced the present action against Chase on December 19, 1995.

## STANDARD OF REVIEW

"Summary judgment may be granted where the claim is barred by the statute of limitations." *Doty v. Mucci*, 238 Conn. 800 806, 679 A.2d 945 (1996).

"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) *Dowling, SR. v Finley Associates, Inc.*, 248 Conn. 364, 727 A.2d 1245 (1999).

## VEXATIOUS LITIGATION CLAIM

Chase claims that it is entitled to summary judgment on Count One of Shea's complaint because, as Chase asserts in its third special defense, Shea's claim for vexatious litigation is time barred. Chase argues that in determining the point at which the statute of limitations begins to run on a claim for vexatious litigation, the court must not look to the termination of the prior action, but rather must look to the time of the alleged "bad acts." Chase argues that any alleged misconduct ended no later than 3/20/91, more than three years before the commencement of this lawsuit, and therefore, the claim is time barred.

Shea, on the other hand, argues that her claims are timely. Shea argues that because a plaintiff must plead termination of prior litigation in his or her favor in order to state a cause of action for vexatious litigation, her claim did not accrue until 5/2/94 when Chase withdrew the prior action. Shea commenced the present action on 12/19/95, within three years from its accrual; thus, her claim for vexatious litigation should not be time barred. Shea has not briefed, and does not assert the position that the statute of limitations was tolled by a continuing course of conduct by Chase.

Shea points out that under *Zeller v. Consolini*, 235 Conn. 417, 667 A.2d 64 (1995), a defendant cannot maintain a counterclaim for vexatious litigation during the original action. "[A] claim for vexatious litigation requires a plaintiff to allege that the previous lawsuit . . . terminated in the plaintiff's favor . . . In suits for vexatious litigation, it is recognized to be sound policy to require the plaintiff to allege that prior litigation terminated in his favor. This requirement serves to discourage unfounded litigation without impairing the presentation of honest but uncertain causes of action to the courts . . . The requirement furthermore serves the interest of finality of judicial decisions, by preventing a person who was unsuccessful in the original proceeding from relitigating the same issues in a subsequent action for vexatious litigation." (Citations omitted; internal quotation marks omitted.) *Zeller v. Consolini, supra,* 235 Conn. 424 (1995). Thus, Shea could not have maintained an action within three years of 3/20/91 because there was no termination in her favor until the 5/2/94 withdrawal by Chase. Had Shea filed her action prior to 5/2/94, she would have been subject to a Motion to Strike. *Gionet v. Craft Magic*, Superior Court, judicial district of New London at Norwich, Docket No. 115480, 24 CONN. L. RPTR.

676 (June 14, 1999) (Hurley, J.).

Shea argues that in logic and fairness, the statute of limitations for a claim of vexatious litigation pursuant to § 52-568 cannot run prior to the accrual of the cause of action. A finding that the three year statute of limitations runs from the commencement of the prior suit, would allow a plaintiff to vex a defendant successfully and without later ramifications if he simply drags the action out for more than three years. Such a holding would allow a vexatious plaintiff to potentially eliminate the defendant's future right to sue under § 52-568.

In support of her argument, Shea relies on Judge Hennessey's decision in *Rutenberg v. Rosenblit,* Superior Court, judicial district of Hartford, Docket No. 353700, 11 CONN. L. RPTR. 161 (March 14, 1994). In *Rutenberg,* the court denied the defendant's Motion to Strike the plaintiffs' claim for vexatious litigation pursuant to General Statutes § 52-568(a)(1). The defendant argued that because subsection (a)(1) of the statute was added by a 1986 amendment, and the underlying action alleged to be vexatious was commenced in 1985, an action pursuant to that subsection could not be maintained. The court disagreed. The court found that "[s]ubstantive rights of the parties are fixed at the date upon which the cause of action accrued . . . In Connecticut, a cause of action accrues when a plaintiff suffers actionable harm . . . In determining the moment at which a cause of action accrues, [t]he true test is to establish the time when the plaintiff first could have successfully maintained an action." (Citations omitted; internal quotation marks omitted.) *Id.* Because the prior suit terminated in plaintiff Rutenberg's favor in 1988, the court found that § 52-568(a)(1), added in 1986, did apply.

The court finds Shea's reliance on *Rutenberg* to be misplaced. The *Rutenberg* case did not deal with a statute of limitations issue. Rather, *Rutenberg* dealt with determining the date for purposes of the applicability of a statute, as amended. Moreover, Chase concedes that a cause of action for vexatious litigation does not accrue until the prior action terminates in a plaintiff's favor. Chase's position is that the statute of limitations can, and did, expire before the action accrued.

Shea also cites *Balletti v. Alter,* Superior Court, judicial district of Hartford, Docket No. 541996, 23 CONN. L. RPTR. 70 (September 25, 1998) (Peck, J.). Shea cites *Balletti* for the proposition that the accrual date, and the relevant date for statute of limitations purposes, for a claim for vexatious litigation pursuant to General Statutes § 52-568 is the date of the defendant's last involvement with the case. In the present case, the date of Chase's last involvement with the case is 5/2/94.

In *Balletti,* the plaintiff brought an action for both common law and statutory vexatious litigation against two attorneys, Alter and Purtill, who previously sued the plaintiff on behalf of a client. The prior action was withdrawn against Balletti, and thus, terminated in his favor, on September 17, 1991. Balletti commenced his suit against the defendants on September 1, 1994.

Both defendants filed special defenses asserting that the plaintiff's action was barred by General Statutes § 52-577. Both defendants filed motions for summary judgment on their special defenses. Defendant Alter argued that he left his former firm on October 1, 1988, and thus, had no involvement with the prior action after that date. Defendant Purtill argued that she withdrew her appearance as counsel in the prior action on March 20, 1990, and thus, had no involvement in the prior action after that date. Because Balletti did not commence his action until September 1, 1994, more than five years since Alter's involvement and more than four years since Purtill's involvement with the case, the defendants argued that it was time barred by § 52-577. The plaintiff, Balletti, argued in opposition to the motions for summary judgment that the relevant date for purposes of the statute of limitations was September 17, 1991, the date the prior action was withdrawn, thereby terminating in his favor, and his cause of action accrued.

The court determined that the relevant dates for purposes of the statute of limitations were the date of the conduct complained of and the date the action was filed. "The last possible date of the wrongful conduct complained of for each defendant was the date of Alter's and Purtill's last involvement with the case, October 1, 1988 and March 20, 1990, respectively. Because the present action was commenced on September 1, 1994, over four years later, it was commenced beyond the statutory period and is therefore barred." *Id.*

Chase also cites *Balletti* to support its position that the statute of limitations for a claim for vexatious litigation is three years and that it is not altered by the fact that the statute expired before Shea's claim accrued, i.e., before there was a termination of the prior action in Shea's favor. Chase asserts that under *Balletti,* the court must look to the last date of the alleged misconduct, not the date the plaintiff's cause of action accrued. Because Chase claims that any alleged misconduct ended no later than 3/20/91, the date that Shea was indicted in New York, it argues that *Balletti* supports a finding that Shea's vexatious litigation claim is time barred.

This court is not persuaded by the plaintiff's argument that the statute of limitations for a claim of vexatious litigation runs from the time that the cause of action accrues. Shea argues that because General Statutes § 52-568 was specifically passed by the legislature, a plaintiff's right to sue pursuant to that statute cannot be eliminated by way of § 52-577. It is clear to this court that General Statutes § 52-577, the applicable statute of limitations for a claim of vexatious litigation, is an occurrence statute and as such, may run before a cause of action accrues. *Collum v. Chapin,* 40 Conn. App. 449, 451, 671 A.2d 1329 (1996). "Section 52-577 is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs . . . When conducting an analysis under § 52-577, the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed . . . The three year limitation period of § 52-577 begins with the date of the act or omission complained of, not the date when the plaintiff first discovers an injury." (Citations omitted; internal quotation marks omitted.) *Collum v. Chapin, supra,* 40 Conn.App. 451.

In *Gionet v. Craft Magic,* Superior Court, judicial district of Norwich, Docket No. 115480, 24 CONN. L. RPTR. 676 (Hurley, J.), the court granted the plaintiff's motion to strike the defendant's counterclaim for vexatious litigation. The court held that because a plaintiff in a suit for vexatious litigation must allege that prior litigation terminated in his favor, a counterclaim for vexatious litigation cannot be maintained in the lawsuit alleged to be vexatious. The court also concluded that the statute of limitations for an action for vexatious litigation, General Statutes § 52-577, "begins to run on the date in which the prior action was instituted or maintained." *Id.* "Section 52-577 does not concern the date a cause of action accrues and in fact, it may work to preclude an action even before it accrues. The application of General Statutes § 52-577 may be harsh because the 'plaintiff may very well be foreclosed from any remedy for what might have been an actionable injury. But it is within the General Assembly's constitutional authority to decide when claims for injury are to be brought.'_" *Id.* (quoting *Burns v. Hartford Hospital,* 192 Conn. 451, 460, 472 A.2d 1257 (1984)).

"The enactment of statutes limiting the time within which an action may be brought are the result of a legitimate legislative determination which balances the rights and duties of competing groups . . . A statute of limitation or of repose is designed to (1) prevent the unexpected enforcement of stale and fraudulent claims by allowing persons after the lapse of a reasonable time, to plan their affairs with a reasonable degree of certainty, free from the disruptive burden of protracted and unknown potential liability, and (2) to aid in the search for truth that may be impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents or otherwise." (Citations omitted; internal quotation marks omitted.) *Ecker v. West Hartford,* 205 Conn.

219, 239-40, 530 A.2d 1056 (1987). "There is no reason, constitutional or otherwise which prevents the legislature from establishing a three year time period that runs from the date of the act or omission complained of . . . even though at that date no person had sustained damage and therefore no cause of action had come into existence . . . It is not the function of the court to alter a legislative policy merely because it produces unfair results . . . Individual rights and remedies must at times and of necessity give way to the interests and needs of society." (Citations omitted.) *Id.* 241.

"It is consonant with the purpose of protecting defendants against stale claims that the legislature should enact a statute . . . which may on occasion bar an action even before the cause of action accrues." *Vilcinskas v. Sears, Roebuck & Co.*, 144 Conn. 170, 174, 127 A.2d 814 (1956).

Looking at the language of General Statutes § 52-577, the issue in the present case is what constitutes "the act or omission complained of" in the context of a claim of vexatious litigation pursuant to General Statutes § 52-568, for purposes of calculating the three year limitations period. The vexatious litigation statute, General Statutes § 52-568 may be used to seek recovery from "[a]ny person who commences and prosecutes any civil action . . ." Prosecute is defined as follows: "To commence and carry out a legal action . . ." Black's Law Dictionary (7th Ed. 1999); "[t]o proceed against judicially . . . To maintain rather than to commence or begin an action . . ." Ballentine's Law Dictionary (3d Ed. 1969).

In the present case, Shea's claim for vexatious litigation was not brought within three years from commencement of the prior action, but was brought within three years from maintenance of that action. Chase "prosecuted" or "maintained" the prior action until the withdrawal was filed on 5/2/94. The act of maintaining a vexatious suit beyond three years from its commencement could be a bad act that itself, is the "act or omission complained of" for purposes of § 52-577 in the context of § 52-568.

Chase argues that any alleged bad acts occurred more than three years prior to the commencement of the present action. Specifically, Chase claims that even if it did not have probable cause to commence the prior action, it obtained it during the action and more than three years before Shea commenced the present action. The existence of probable cause is an absolute protection to a claim for vexatious litigation. *Vandersluis v. Weil*, 176 Conn. 353, 356, 407 A.2d 982 (1978); *Ancona v. Manafort Bros., Inc.*, 56 Conn.App. 701, 708 (2000). Chase claims that Shea's invocation of her Fifth Amendment privilege against self-incrimination was sufficient to give Chase probable cause to commence and maintain the prior action against Shea.

According to the affidavit of attorney Steven Humphrey, submitted in support of Chase's Motion for Summary Judgment, two months before it commenced the prior action against Shea, Chase sought to depose Shea and her boss, Antonino Castellett, in relation to a suit Chase brought against Deltacorp, the company that was the guarantor of the allegedly fraudulent loans. Chase was advised that neither Shea nor Castellett would testify, but instead would invoke their Fifth Amendment privileges. Less than two months after Chase commenced the prior action, it did take Shea's deposition in connection with an action by Chase against Castellett. Shea refused to testify, including as to questions regarding her involvement in the loans, invoking her Fifth Amendment privilege. Shea also asserted the privilege during a December 8, 1989 hearing before Judge Lewis on a motion to vacate a prejudgment attachment that Chase had obtained on her Darien home. Shea continued to assert the privilege for the remainder of the prior action.

Chase argues that under *Olin Corp. v. Castells*, 180 Conn. 49, 428 A.2d 319 (1980), it was permissible for them to draw an adverse inference against Shea for invoking her Fifth Amendment privilege. "The prevailing rule is that the Fifth Amendment does not preclude [an adverse] inference where the privilege is claimed by a party to a civil cause." (Internal quotation marks omitted.) *Id.*, 53-54. Chase argues that in an action for vexatious litigation, the determination of probable cause turns on the defendant's state of

mind concerning the litigation, not the court's. Therefore, because Chase could and did draw an adverse inference from Shea's assertions of the Fifth Amendment privilege, it contends it had probable cause to prosecute, and Shea's claim is barred.

The existence of probable cause is a determination for the court. "Probable cause is the knowledge of facts sufficient to justify a reasonable person in the belief that there are reasonable grounds for prosecuting an action. [W]hat facts, and whether particular facts, constitute probable cause is always a question of law." (Citations omitted; internal quotation marks omitted.) *Vandersluis v. Weil,* 176 Conn. 353 356, 407 A.2d 982 (1978). While an adverse inference may be drawn against a party in a civil action who asserts the Fifth Amendment privilege, such assertion does not prove facts affirmatively. An adverse inference does not automatically support a finding of probable cause. This court finds that Shea's assertions of the privilege do not support a finding of probable cause so as to bar Shea from maintaining the present action. This finding is consistent with one by Judge D'Andrea earlier in the present action in denying a Motion For Partial Summary Judgment filed by Chase. (See Memorandum of Decision, dated December 7, 1998.)

Chase asserts that it also acquired probable cause when Shea was indicted by the New York Grand Jury on 3/20/91. Thus, any alleged misconduct ended by 3/20/91 and Shea needed to commence suit within three years of that date. Because Shea did not commence the present action until December 19, 1995, the three year statute of limitations would have already expired.

Chase points out that courts in other jurisdictions have ruled that a grand jury indictment creates a rebuttable presumption of probable cause, which alone is a sufficient basis to bring a civil action based on the facts found in the indictment. See *Colon v. City of New York,* 60 N.Y.2d 78, 455 N.E.2d 1248, 468 N.Y.S.2d 453 (1983); *Anton v. The Police Retirement System of St. Louis,* 925 S.W.2d 900 (Mo. App. 1996); *Bernard v. United States,* 25 F.3d 98 (2nd Cir. 1994). Thus, Chase argues, Shea's indictment by the New York Grand Jury, alone, was sufficient to give it probable cause to maintain its action against Shea from 3/20/91, the date of the indictment, through 5/2/94, the date the prior action was withdrawn.

Chase asserts that the presumption of probable cause only can be rebutted if Shea establishes that the indictment was procured "by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." Memorandum Of Law In Support Of Defendant's Motion for Summary Judgment, p.23, quoting, *Colon v. City of New* York, 60 N.Y.2d 83, 455 N.E.2d 1251, 468 N.Y.S.2d at 456. Chase argues, therefore, that any alleged misconduct ended on 3/20/91 once it had probable cause and that Shea cannot rebut the presumption of probable cause. Thus, Shea's claim, commenced more than three years from 3/20/91, is barred by General Statutes § 52-577. Chase points to *Colon v. City of New York, supra,* 455 N.E.2d 1251 in support of its position that it properly maintained the prior action even after the indictment against Shea was dismissed on 5/20/93.

Although the court and the parties could not find any Connecticut cases dealing with the effect of an indictment on the issue of probable cause, this court believes that the adoption of a presumption of probable cause when there is an indictment is warranted. Connecticut cases do recognize parallel presumptions. This state recognizes a presumption of the validity of a search warrant. *Franks v. Delaware,* 438 U.S. 154 (1978); *State v. Morrill,* 197 Conn. 507, 498 A.2d 76 (1985). In a subfacial challenge to a warrant, a satisfactory preliminary showing must be made demonstrating deliberate false statements or reckless disregard for the truth by an affiant before an affidavit supporting a search warrant can be challenged at an evidentiary hearing. *State v. Morrill, supra,* 197 Conn. 543-44. This state recognizes the presumption that it is objectively reasonable for police to believe that probable cause exists where a warrant has been issued by a neutral magistrate. *Outlaw v. Meriden,* 43 Conn.App. 387, 393 (1996). It is a logical extension then that an indictment by a neutral grand jury gives rise to a

presumption of probable cause.

Despite this court's adoption of the holding of the courts in other jurisdictions that an indictment gives rise to a presumption of probable cause in Connecticut, this court finds that in the present case, there remains a genuine issue of material fact. A dispute remains as to whether Peter Galbraith, then a vice president of Chase involved in the loans to Deltrade, made false and misleading statements to the New York County District Attorney's office, leading to the issuance of a search warrant that was executed at the Deltrade offices and the initiation of criminal proceedings against Shea. (See July 10, 1998 affidavit of Stephanie Shea, submitted in opposition to Chase's June 19, 1998 Motion For Partial Summary Judgment.) Thus, this court believes that there is a genuine issue as to material facts regarding whether Shea can rebut any presumption of probable cause raised by her indictment.

Chase contends that Shea's assertions regarding Peter Galbraith's affidavit are not enough to rebut the presumption because they relate to the procurement of the search warrant and not to the indictment itself. Furthermore, Shea raised the same arguments in the criminal action in New York. Chase argues that the New York court found that the search warrant was invalid because it was overbroad, not because of problems with Galbraith's affidavit upon which it was based. This court finds that an independent finding regarding the validity and effect of Peter Galbraith's statements in his affidavit is warranted. This case involves serious issues regarding the credibility of both Stephanie Shea and Peter Galbraith, specifically whether Shea made certain representations upon which Chase relied in making the loans. Chase contends that Shea can only rebut the presumption with evidence that a witness lied to the grand jury or suppressed evidence from the grand jury. This court rejects such a distinction in this case. Whether Galbraith, a vice president of Chase, made false statements to the district attorney's office about representations made by Shea, thereby actively instigating the initiation of criminal proceedings against her is material to whether Shea can rebut a presumption of probable cause. Such allegedly false statements bear directly on the extent to which tainted evidence was relied upon to procure Shea's indictment. If Chase, through Galbraith, made false statements against Shea, and otherwise actively advised or encouraged the district attorney in obtaining the search warrant and the indictment, such affirmative actions would be sufficient to rebut the presumption of probable cause raised by the indictment. Accordingly, Chase's Motion For Summary Judgment on its third special defense is denied; Shea's Motion For Summary Judgment on Chase's third special defense is granted.

Alternatively, Chase argues that it is entitled at least to partial summary judgment as to any alleged damages incurred more than three years prior to commencement of this lawsuit. Chase maintains that damages should be limited to the period of 12/19/92, three years prior to the date this action was commenced, through 5/2/94, the date that Chase withdrew the prior action. Shea argues that holding that damages are restricted to that period would permit a party to vex another party and possibly avoid responsibility for the bulk of the damages incurred.

The court will deny Chase's motion for partial summary judgment at this time, but will revisit the issue if, after trial, it finds in favor of Shea as to liability.

For the foregoing reasons, Chase's Motion For Summary Judgment on its third special defense is denied; Shea's Motion For Summary Judgment on Chase's third special defense is granted.

## CUTPA

The CUTPA violations alleged in the second count of Shea's complaint are based on the claim that the prior litigation was vexatious. The statute of limitations on a claim for a CUTPA violation, like that for vexatious litigation, is three years. General Statutes § 42-110g(f) "We are unable to perceive any

significant distinction applicable to this case between the 'act or omission' reference, denoting the start of the limitation period in _§ 52-577 and 52-584, and the 'occurrence of a violation' phrase in 42-110g (f), setting the time when the three year period begins for bringing an action alleging a CUTPA violation." *Fichera v. Mine Hill Corp.*, 207 Conn. 204, 213, 541 A.2d 472 (1988). For the reasons set forth above in finding that the vexatious litigation claim was brought within three years of an "act or omission complained of" the court finds that the CUTPA claim is also timely. Accordingly, Chase's Motion For Summary Judgment on its second special defense is denied; Shea's Motion For Summary Judgment on Chase's second special defense is granted.

1General Statutes § 52-568 provides in relevant part: "Any person who commences and prosecutes any civil action or complaint against another . . . without probable cause, shall pay such other person double damages, or (2) without probable cause, and with a malicious intent unjustly to vex and trouble such other person, shall pay him treble damages."

2General Statutes § 42-110g(f) provides: "An action under this section may not be brought more than three years after the occurrence of a violation of this chapter."

3General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

© Lawriter Corporation. All rights reserved.

The Casemaker™ Online database is a compilation exclusively owned by Lawriter Corporation. The database is provided for use under the terms, notices and conditions as expressly stated under the online end user license agreement to which all users assent in order to access the database.